UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE WYNKOOP,

   Plaintiff,

v.

CASE NO. 1:09-CV-650

HON. ROBERT J. JONKER

JAMES R. LINDERMAN,
Special Charlevoix County Prosecuting
Attorney, in his official capacity, and
E. MICHAEL MCNAMARA,
Special Charlevoix County Assistant
Prosecuting Attorney, in his
official capacity,

   Defendants.
_____/

## ORDER DENYING TEMPORARY RESTRAINING ORDER

   This matter is before the Court on Plaintiff Wynkoop's Motion for Temporary Restraining Order (docket #2). Plaintiff presented the papers to the Court this afternoon. Counsel for Plaintiff has not personally appeared. The papers seek an injunction against a pending state court criminal prosecution set for a pretrial conference tomorrow. The papers do not state with precision when the criminal case was filed, but the matter appears to have roots reaching all the way back to the spring of 2008. Moreover, the papers reveal that the criminal prosecution is itself embedded in local political and civil litigation issues of longstanding. The papers do not reflect service on the defendants. The Temporary Restraining Order must be denied.

In the first place, the moving papers do not include certification of any efforts made to give notice to the adverse parties, or the reason why such notice should not be required.[1] FED. R. CIV. P. 65(b)(1).

More importantly, the Court has reviewed the motion papers and does not believe the issues presented rise to a level that would warrant federal court interference in a state court criminal proceeding. *See Younger v. Harris*, 401 U.S. 37, 45 (1971); *Fieger v. Cox*, 524 F.3d 770, 775-76 (6th Cir. 2008). Plaintiff is not challenging the underlying constitutionality of the Contracts of Public Servants Act. Instead, he is raising a series of challenges to the sufficiency of the cirminal complaint, and the sufficiency and veracity of the anticipated proofs. These are arguments that can and should be presented to the state court. This is especially true when the controversy is one embedded in a lengthy history of local civil and criminal litigation, and local political issues involving land use.

**ACCORDINGLY, IT IS ORDERED**: Plaintiff's Motion for Temporary Restraining Order (docket # 2) is **DENIED**.

    /s/ Robert J. Jonker
    ROBERT J. JONKER
    UNITED STATES DISTRICT JUDGE

Dated: July 15, 2009

---

[1] In an informal telephone conference with the Court's Judicial Assistant, Plaintiff's counsel indicated that he had not yet served Defendants but would be willing to do so. As noted in FED. R. CIV. P. 65(b)(1), the court may not issue a temporary restraining order without written or oral notice to the adverse party or its attorney unless specific facts in an affidavit or verified complaint clearly show that irreparable injury will result before the adverse party can be heard in opposition and the moving party provides written certification of any efforts made to give notice and why notice should not be required. The papers do not meet this burden.